UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FORIZS & DOGALI, P.A.,

   Appellant,

v.                                         CASE NO: 8:12-cv-253-T-23

CRAIG SIEGEL,

   Appellee.

_____/

## ORDER

The law firm of Forizs and Dogali, P.A., ("F&D") appeals from a December 20, 2011, order (Doc. 1-2) disqualifying F&D and the law firm of Ewusiak and Roberts, P.A., ("E&W") as special counsel for the Chapter Seven Trustee in *In re Beau Diamond*, 8:09-bk-6199-KRM (Bankr. M.D. Fla. filed Mar. 31, 2009).

## BACKGROUND

On July 6, 2009, the Trustee moved to employ as special counsel F&D attorneys Joel Ewusiak and Robert Wahl to pursue avoidance actions against parties who invested in the debtor's Ponzi scheme. Accompanying the Trustee's motion, Wahl's Rule 2014, Federal Rules of Bankruptcy Procedure, affidavit discloses that "[F&D] represents Alan Weedman[, a bankruptcy creditor,] who was a victim of Beau Diamond in connection with the alleged [P]onzi scheme. Upon information

and belief, Mr. Weedman did not receive any distribution or proceeds from Beau Diamond." (Doc. 1-5 at 4-5)  The affidavit continued, "I believe that F&D is a disinterested person within the meaning of 11 U.S.C. § 327." (Doc. 1-5 at 8) Granting the motion, Bankruptcy Judge May stated:

> [T]he Court concludes that the attorneys do not hold or represent any interest adverse to the estate and are disinterested persons within the meaning of Section 101(14) of the Bankruptcy Code.  The Court further concludes that these attorneys and [F&D] are qualified to represent the Trustee as Special Counsel for the purposes described in the Application including the investigation of potential avoidance actions and other claims related to an alleged [P]onzi scheme purportedly operated by the Debtor . . . , such ancillary services regarding the investigation, pursuit of the avoidance actions and other claims related to the [P]onzi scheme or fraud if deemed appropriate.

(Doc. 1-6 at 1)

On September 24, 2009, Weedman submitted a proof of claim for $117,206 based on a $92,500 investment with the debtor.[1]  The proof of claim was signed by an attorney at F&D as "attorney for creditor." (Doc. 1-7 at 1)  In August, 2011, Ewusiak left F&D for E&W but retained Weedman as a client.  E&W continues to represent Weedman in the bankruptcy.  As special counsel, F&D and E&W sued the Ponzi scheme's "net winners" (those receiving transfers from the debtor in an amount greater than the principal invested with the debtor) and "net losers" (those receiving transfers from the debtor in an amount less than the principal invested with

---

[1] The $117,206 includes the lost investment of $92,500 plus "pre-petition, prejudgment interest" (Doc. 1-7 at 3) calculated at "the state court rate." (Doc. 2-13 at 6-7).  Apparently acting on his own behalf, Weedman submitted a proof of claim for $288,418 on March 17, 2010.

the debtor).[2]  Additionally, the trustee objected to each creditor claim that allegedly "assert[ed] a claim for illegal profits of a [P]onzi scheme." (Br. Doc. 124 at 1)  The trustee neither objected to Weedman's proof of claim nor sued Weedman for fraudulent transfer.  On October 20, 2012, a creditor, the appellee, moved to disqualify F&D and E&W as special counsel for the trustee.  (Br. Doc. 397)

The bankruptcy court held two hearings on the motion and found an "actual conflict of interest" because "a proof of claim was filed without permission of this Court on behalf of a creditor, which takes the position, a legal position and a factual position inconsistent with the position the Trustee is going to be taking." (Doc. 2-13 at 34)  Specifically:

> This is not the simple garden variety case . . . where you have a whole bunch of garden variety creditors for lots of different transactions, and having represented on of them, a law firm is hired by a Trustee to sue somebody else to augment the estate.
>
> We're talking about special counsel for the Trustee representing a victim in a Ponzi scheme, being hired by the Trustee to sue other victims of the Ponzi scheme, and then after that retention was approved, filing a claim on behalf of one of the victims with a claim for recovery of amounts that would not be sustainable on a Ponzi scheme theory.  It seems like an actual conflict to me.

(Doc. 2-13 at 83)  Removing F&D and E&W as special counsel for the trustee, the challenged order reads, "[A]fter its appointment to represent the estate in the recovery from Ponzi scheme investors amounts in excess of the amounts invested,

---

[2] *But see Perkins v. Haines*, 661 F.3d 623 (11th Cir. 2011) (Hodges, D.J., sitting by designation) (holding that 11 U.S.C. § 548(c) provides a "net-loser" an affirmative defense to a fraudulent transfer action).

the firm signed and filed a proof of claim by a Ponzi scheme investor which included accretions in excess of the actual amount invested."[3]  (Doc. 1-2 at 1)

## DISCUSSION

A bankruptcy court's ruling about the employment of counsel is reviewed for abuse of discretion.  *Blumenthal v. Myers*, 426 B.R. 796, 799 (B.A.P. 8th Cir. 2010); *cf. In re Jennings*, 199 F. App'x 845, 847 (11th Cir. 2006).  A district court reviews *de novo* a bankruptcy court's legal conclusions but, absent clear error, must accept the bankruptcy court's factual findings.  *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

> Historically, bankruptcy courts have been accorded wide discretion . . . in regard to the terms and conditions of the engagement of professionals.  The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails.  If he perceives a materially adverse interest, he has at his disposal [many] permissible remedies, including (but by no means limited to) disqualification.

*In re Martin*, 817 F.2d 175, 182-83 (1st Cir. 1987) (internal citations omitted); *accord In re Interwest Bus. Equip., Inc.*, 23 F.3d 311, 318 (10th Cir. 1994) ("Because of their experience and their familiarity with the cases, bankruptcy judges bring a unique expertise to the question of when simultaneous representation of multiple estates and their creditors is a conflict that works to the detriment of the estate in bankruptcy, its

---

[3] During a December 6, 2011, hearing, the bankruptcy judge identified a potential, additional conflict of interest created by the Trustee's avoidance-action pursuit of "net losers." (Doc. 2-13 at 10-11)

creditors or to the detriment of the public confidence in the integrity of the bankruptcy system.").

Governing the "employment of professional persons" to assist the trustee as special counsel, 11 U.S.C. § 327 provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
>
> . . .
>
> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

As the bankruptcy judge noted, by presently representing simultaneously the estate and Weedman, E&W holds an actual conflict of interest. E&W must argue, on the one hand for the estate, that a Ponzi scheme investor is entitled to no money in an amount greater than the principal invested with the debtor and, on the other hand for Weedman, that a Ponzi scheme investor is entitled to money in an amount greater than the principle invested with the debtor. Section 327(c) requires the removal of E&W.

F&D argues that absent a present actual conflict of interest, the bankruptcy judge must permit F&D to remain special counsel. F&D's argument summary reads:

- 5 -

> The Bankruptcy Court reversibly erred and abused its discretion in disqualifying previously-approved Special Counsel for the Trustee. Under [Section] 327(c) of the Bankruptcy Code, Special Counsel who is actively representing a creditor is not disqualified from representing the Trustee unless the representation creates an actual conflict of interest. In this case Special Counsel no longer represented the creditor and any alleged future conflict of interest was speculative.

(Doc. 10 at 12) F&D misses the issue, which is whether Section 327(c) protects from disqualification special counsel who acquire an actual (or potential) conflict of interest and fail to disclose the conflict to the bankruptcy court.

Rule 2014, Federal Rules of Bankruptcy Procedure, requires an applicant for special counsel to disclose "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [etc.]" The "duty of disclosure is a continuing one. Newly discovered information or any change in circumstances must be disclosed." 3 Collier on Bankruptcy § 327.04[5][c] (2012) (citing cases); *accord In re Cleveland Trinidad Paving Co.*, 218 B.R. 385, 389 (Bankr. N.D. Ohio 1998) ("[T]he obligation under [Section] 327(a) and Rule 2014 for the applicant to disclose any adverse interest or lack of disinterestedness is a continuing obligation throughout any employment on behalf of the debtor's bankruptcy estate."); *In re Sauer*, 191 B.R. 402, 407 (Bankr. D. Neb. 1995) ("This requirement and duty to remain a disinterested person is ongoing. A professional retained by the estate must remain disinterested throughout his or her entire tenure with the estate.").

"Bankruptcy courts are not obliged to hunt around and ferret through thousands of

pages in search of the basic disclosures required by Rule 2014." *In re Jennings*, 199 F. App'x 845, 848 (11th Cir. 2006) (citing cases).

When F&D submitted the proof of claim for "accretions" in excess of the principle invested, the representation (as detailed in Wahl's Rule 2014 affidavit and as approved by the bankruptcy court) materially changed. Rule 2014 obligates F&D to notify the court. Inadvertence likely caused F&D's failure, but "[n]egligence does not excuse the failure to disclose a possible conflict of interests." *In re BH & P , Inc.*, 949 F.2d 1300, 1317-18 (3d Cir. 1991) (quoting *BH & P*, 119 B.R. 305, 44 (Bankr. D.N.J. 1990)). If "the court subsequently learns that during counsel's employment he was not disinterested or held an adverse interest, the court can revoke the order of employment." *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 663 (Bankr. N.D. Ill. 2001).

The December 20, 2011, order (Doc. 1-2; Br. Doc. 413) is **AFFIRMED**. The clerk is directed to close the district court case and the seven "member cases."

ORDERED in Tampa, Florida, on September 24, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE